Mathews, J.
delivered the opinion of the court.* The statement of facts in this case shews, that the appellants became owners of a certain number of shares of stock, in the state bank, on which they paid the first instalment and were admitted as stockholders ; but from *311 the embarrassed situation of their affairs, they were unable to pay the second instalment as required by the regulations of the bank ; and that, in consequence of this failure to pay, the sum paid by them, as above stated, is claimed by said bank as being forfeited under the 7th section of its charter.
East’n District.
June, 1820.
The plaintiffs pray for relief against this penalty or forfeiture, and ask a judgment of the court, by which they may, on payment of the second instalment, which became due in October, 1819, with interest, &c. be now admitted to the enjoyment of all the privileges of stockholders.
In cases of penalties or forfeitures incurred by individuals, according to the stipulations of their contracts, courts of justice have generally interposed their equitable powers to relieve against the hardship and iniquity of an unreasonable penalty, by reducing the damages to an equality with the injury which the party claiming may have sustained. But it is believed, that no instance can be adduced wherein they have interfered to relieve against a forfeiture to which a person may have become liable under an express statute, clear and explicit in its terms.
It is possible that events might occur to prevent the fulfilment of engagements, the neglect *312 of what would cause a forfeiture by express provisions of law, sufficient to authorise the equitable interference of courts to grant relief. None such have occurred in the present case. The appellants failed in the payment of the second instalment of their bank shares, in consequence of want of means wherewith to pay. If the relief prayed for, against the forfeiture incurred, were granted to them, it is difficult to imagine any case, in which it might not confidently be asked, whenever a stockholder able to tender payment, no matter how long after the money became due. Punctuality is essential to the existence of banking institutions : this can only be maintained and their conduct properly supported by making individuals punctual in the performance of their engagements toward them. If the court should grant the remedy prayed for by the plaintiffs, and this case be not distinguished from any other, which might arise from inability in stockholders to meet their engagements, at the time prescribed, and who may afterwards be able to pay, it would virtually amount to a repeal or reduce to nullity, the section of the law under which the bank claims the present forfeiture. Such a decision, in our opinion, would be an open violation of judicial powers.
Hawkins for the plaintiffs, Duncan for the defendants.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

Martin, J, did not join in this opinion, being a stockholder.